THE MATTHEWS CO., APPELLEE, *v.* SOUTHERN FIREPROOFING CO., APPELLANT.

[Cite as Matthews Co. v. Southern Fireproofing Co., 3 Ohio App. 2d 291.]

292

*Messrs. Nieman, Aug, Elder & Jacobs*, for appellee.
*Messrs. Steer, Strauss & Adair*, for appellant.

LONG, J. This is an appeal on questions of law from the Court of Common Plea of Hamilton County wherein a judgment was rendered in favor of the plaintiff, appellee herein. Plaintiff is a Nebraska corporation engaged in the business of scaffold rental and sales thereof.

A corporation doing business as Southern Fireproofing Company, Inc., was dissolved in December 1962, but a similar business was being operated under the name of Southern Fireproofing Company, as a partnership, by Jacob Lichter and his wife since 1957. The record indicates to this court that, on April 10, 1957, the partnership entered into a contract with plaintiff to furnish it with scaffolding in connection with the construction of an electric plant at Millard, Nebraska.

After completing the plant, a question of some missing scaffolding arose and suit was filed by plaintiff in the amount of $2,137.25 in the Nebraska courts against Southern Fireproofing Company (a corporation), which allegedly owed the money for scaffolding plaintiff furnished in the building of the plant in Millard, Nebraska. Service was obtained on the defendant, Southern Fireproofing Company, as a corporation and not as a partnership, by serving the Secretary of State of Nebraska under the statute providing for service on a nonresident corporation doing business in the state of Nebraska. Judgment was rendered in Nebraska, and it was upon this judgment that suit was filed in the Common Pleas Court of Hamilton County, and judgment rendered in favor of plaintiff in the latter court.

Defense is made that the defendant's motion for a judgment at the conclusion of plaintiff's case should have been granted. Section 2309.36 of the Revised Code states as follows:

"In pleading a judgment, or other determination of a court, or of an officer of special jurisdiction, it is sufficient to state

that such judgment or determination was given or made. *If such allegation is controverted, the party pleading must establish, on the trial, the facts conferring Jurisdiction."* (Emphasis supplied.)

The jurisdiction of the court was controverted by defendant's answer.

The record discloses sufficient proof of the judgment, but this court fails to find any substantial evidence of facts conferring jurisdiction. On the contrary, the record discloses without question that the Southern Fireproofing Company is a partnership. There is no provision in Nebraska law for service on a partnership by serving the Secretary of State; such service is confined to foreign corporations. In addition to this, service was had on the Southern Fireproofing Company as a corporation, which it was not. Furthermore, there was no substantial evidence to the effect that Southern Fireproofing Company, *Inc.*, had ever done business in Nebraska. Under these circumstances, how did the Nebraska court ever obtain jurisdiction over Southern Fireproofing Company, *Inc.*, so as to render a valid judgment against it? Obviously, if the judgment in Nebraska fails because of lack of its jurisdiction, no valid judgment can be rendered thereon by the courts of any other state.

The motion for judgment for the defendant at the conclusion of plaintiff's case should have been granted.

*Judgment accordingly.*

HOVER, P. J., and HILDEBRANT, J., concur.